IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:19-cv-00710

| | |
|---|---|
| JEFFREDIA MITCHELL, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) COLLECTIVE ACTION<br>) COMPLAINT<br>) |
| ACCELERATED CLAIMS, INC. | )<br>) |
| Defendant. | )<br>) |

Plaintiff, Jeffredia Mitchell ("Mitchell" or "Plaintiff"), individually and on behalf of all other similarly-situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA") against Accelerated Claims, Inc. ("Accelerated" or "Defendant"), and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF ACTION

1. Mitchell contends that Accelerated violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly suffering and/or permitting her and the putative Collective members (hereinafter collectively referred to as "the Collective Members") to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

3. This Court has jurisdiction over Mitchell's claims pursuant to 28 U.S.C. §1331 because Mitchell's claims arise under the FLSA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in Mecklenburg County, North Carolina, which is located in this District.

## PARTIES

5. Accelerated is a foreign business corporation registered and in good standing in the State of North Carolina since 2014, with its principal place of business located in Kennesaw, Georgia.

6. Defendant's gross annual sales made or business done has been in excess of $500,000 for each of the three year periods prior to the filing of this Complaint.

7. Mitchell is a resident of Milwaukee, Wisconsin. Mitchell's job title at the time of the separation of her employment was Proactive Account Resolution Specialist. At all relevant times, Mitchell's primary job duty was reviewing accounts and collecting on debts owed to Accelerated. Most recently, Mitchell performed job duties for Accelerated from her prior residence located in Charlotte, Mecklenburg County, North Carolina.

8. A written consent form for Mitchell is being filed with this Complaint as Exhibit 1. At all times relevant, Defendant was Mitchell's "employer" as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the conduct described herein. Throughout the relevant

period, Defendant employed Mitchell and similarly situated employees within the meaning of the FLSA.

## FACTS

9. Mitchell began her employment in April 20, 2015, with Defendant as a Patient Counselor I and was promoted to a Patient Counselor II approximately 6 months thereafter. Mitchell was promoted to a Team Lead in or about early 2016. Mitchell was promoted to a Proactive Account Resolution Specialist ("PAR Specialist") in or about April 2017.

10. Mitchell brings this action on behalf of herself and the Collective Members. The Collective Members were, or are, employed by Defendant as Patient Counselor I's, Patient Counselor II's, Team Lead I's, Team Lead II's, and PAR Specialists, or other job titles performing similar duties, within three years of the date this Complaint was filed. The Collective Members' primary job duties and responsibilities consist or consisted of non-exempt work: data entry, reviewing accounts, communicating with Accelerated's management regarding account activity, and communicating with account owners and their representatives.

11. Defendant suffered and permitted the Collective Members to work more than forty (40) hours per week without overtime pay.

12. Defendant paid Mitchell and the Collective Members a salary during each week of their tenure, regardless of job title, with no overtime pay for hours worked in excess of 40. Mitchell and the Collective Members were also paid a non-discretionary bonus based on attendance and job performance each month that should have been included in the Collective Members' regular rate of pay.

13. Mitchell worked over 40 hours in weeks including, but not limited to, the week beginning on April 22, 2019, the week beginning April 29, 2019, and the week beginning July 8, 2019.

14. Mitchell was not paid an overtime premium for any hours worked in excess of 40 in a workweek during this period. Based on Mitchell's discussions and observations with Patient Counselor I's, Patient Counselor II's, Team Lead I's, Team Lead II's, and PAR Specialist (i.e. Collective Members), Mitchell has personal knowledge that the Collective Members performed similar job duties, were paid annual salaries, and regularly worked or worked in excess of 40 hours per week without being paid the overtime premium required by the FLSA.

15. Despite the fact that the Collective Members did not meet any test for exemption, Defendant failed to pay them the requisite overtime rate of 1½ times their regular rate for all hours worked beyond 40 hours per week ("Overtime Hours").

16. Defendant knew, and was aware at all times, of the above-mentioned violations because Defendant assigned the work and required that Collective Members work whatever number of hours necessary to complete all of their job duties and responsibilities.

17. Defendant has no legitimate basis to believe the Collective Members were exempt from the overtime requirements of the FLSA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay the Collective Members overtime compensation for all Overtime Hours worked. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

   a. Defendant maintained or should have maintained payroll and time keeping records that reflected that the Collective Members did, in fact, regularly work Overtime

4

Hours and therefore, Defendant had actual or constructive knowledge that the Collective Members worked overtime;

b. Defendant knew that it did not pay the Collective Members one and one half (1½) times their regular rate of pay for all Overtime Hours worked;

c. Defendant lacked any good-faith basis to believe that the Collective Members fit within any exemption from the overtime requirements of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Mitchell brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

19. Mitchell pursues the requested relief on behalf of the following individuals ("the Class"):

> **All individuals who currently work, or have worked, for Defendant as a Patient Counselor I, Patient Counselor II, Team Lead I, Team Lead II, and Proactive Account Resolution Specialist, or any other similarly titled position or position performing similar job duties for Defendant at any time within the preceding 3-years from the date of filing the complaint.**

20. Mitchell is a member of the class she seeks to represent because Defendant employed her during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, and was not paid an overtime premium rate for the time she worked over 40 hours per week.

21. Specifically, Defendant engaged in common schemes to avoid paying the Collective Members overtime pay when they worked in excess of 40 hours per week, even though the Collective Members did not satisfy the necessary conditions exempting them from overtime.

22. Although the Collective Members may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

5

a. Mitchell and the Collective Members were all paid under the same compensation structure, regardless of their location;

b. Mitchell and the Collective Members performed similar job duties, regardless of their location;

c. Mitchell and the Collective Members worked in excess of 40 hours per week during one or more workweeks while Defendant employed them, regardless of their location;

d. Defendant did not pay Mitchell and the Collective Members an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week, regardless of their location; and

e. Defendant maintained common timekeeping and payroll systems and policies with respect to Mitchell and the Collective Members, regardless of their location.

23. Defendant encouraged, suffered and permitted Mitchell and the Collective Members to work more than forty (40) hours per week without proper overtime compensation.

24. Defendant knew that Mitchell and the Collective Members performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Mitchell and the Collective Members of wages and overtime compensation.

25. Defendant's conduct as alleged herein was willful and has caused damage to Mitchell and to the Collective Members.

26. Defendant is liable under the FLSA for failing to properly compensate Mitchell and the Collective Members. Mitchell requests that the Court authorize notice to the Collective Members to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

27. Mitchell estimates that the Collective Class, including both current and former employees over the relevant period, will include approximately 120 members. The precise number of collective Class members should be readily available from Defendant's personnel, scheduling,

6

time and payroll records, and from input received from Mitchell as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED

28. Mitchell realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

29. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

30. Mitchell and the Collective Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

31. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. FLSA Section 207(e) defines the regular rate of pay as "all remuneration paid to, or on behalf of, the employee" unless specifically exempted by the FLSA. Non-discretionary bonuses are not specifically exempted by the FLSA.

32. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Mitchell and the Collective Members to work overtime hours each week without paying them premium overtime pay.

33. Throughout the relevant period, Mitchell and the Collective Members each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

34. Defendant failed to include Mitchell's and the Collective Members' non-discretionary monthly bonus in their regular rate of pay for the purpose of calculating overtime in violation of 29 U.S.C. § 207(a)(1).

35. The foregoing actions of Defendant violated the FLSA.

36. Defendant's actions were willful and not in good faith.

37. Mitchell and the Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

38. Defendant is liable to Mitchell and the Collective Members for unpaid overtime, liquidated damages and equitable relief pursuant to 29 U.S.C. § 216(b) as well as reasonable attorneys' fees, costs and expenses.

39. Mitchell and the Collective Members are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Mitchell, individually and the Collective Members, by and through her attorneys, demands judgment against Defendant in favor of Mitchell and the Collective Members, for a sum that will properly, adequately and completely compensate Mitchell and the Collective Members for the nature, extent and duration of their damages, the costs of this action and as follows:

    A.    Order Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Patient Counselor I's, Patient Counselor II's, Team Lead I's, Team Lead II's, and Proactive Account

Resolution Specialists , or any other similarly titled position or similar job duties, who have worked for the Defendant within the last three years;

B. Authorize Mitchell's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Patient Counselor I's, Patient Counselor II's, Team Lead I's, Team Lead II's, and Proactive Account Resolution Specialists, or any other similarly titled position or similar job duties who worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Count I as an FLSA collective action;

D. Declare and find that the Defendant committed one or more of the following acts:

  i. Violated provisions of the FLSA by failing to pay overtime wages to Mitchell and similarly situated persons who opt-in to this action;

  ii. Willfully violated provisions of the FLSA;

E. Award all overtime pay owed to Plaintiff and the Collective Members, in an amount according to proof;

F. Award liquidated damages in an amount equal to the unpaid overtime awarded to Plaintiff and the Collective Members;

G. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such further relief as the Court deems just and equitable.

Dated: December 27, 2019    Respectfully Submitted,

/s/ Jason S. Chestnut
Jason S. Chestnut, NCSB # 52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582

**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277

9

Telephone: 704-612-0038
Email:  jason@gibbonsleis.com
         phil@gibbonsleis.com
         craig@gibbonsleis.com