IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JEFFREDIA MITCHELL, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | |
| v. ) | Civ. No. 3:19-cv-00710-FDW-DSC |
| ) | |
| ACCELERATED CLAIMS, INC., ) ) | |
| Defendant. ) ) | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Jeffredia Mitchell ("Plaintiff") and Defendant Accelerated Claims, Inc. ("Defendant") (collectively, the "Parties") jointly, through counsel, move the Court to approve the settlement between the Parties and dismiss this matter with prejudice. In support of this Motion, the Parties show unto the Court as follows:

1. Plaintiff filed her Complaint on December 27, 2019, for alleged unpaid overtime wages for all hours worked exceeding forty (40) in a workweek. [Dkt. 1.]

2. Defendant filed an Answer denying Plaintiff's allegations on February 6, 2020. Defendant denies any and all liability to Plaintiff and affirmatively asserts that Plaintiff was paid appropriately at all times.

3. The Parties have agreed to enter into a settlement involving a compromise of all of Plaintiff's asserted and potential claims against Defendant under the Fair Labor Standards Act ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen. Stat. Ann. § 95-25.2 ("North Carolina Wage Hour Act"), and any other federal, state, or local law regarding the payment of wages. A true and accurate copy of the Settlement Agreement

1

memorializing the terms of the negotiated settlement between the Parties is attached to the Memorandum in Support has **Exhibit 1**.

4. Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See e.g., Kianpour v. Restaurant Zone, Inc.*, No. Civ. A. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). In the "context of suits brought directly by employees against their employer…to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The policy of encouraging settlement of litigation applies in context of FLSA litigation where there are *bona fide* issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Id*. at 1354.

5. The Parties have conducted a thorough investigation and exchanged relevant documents, including Plaintiff's personnel file and payroll and time records.

6. A *bona fide* dispute exists regarding Plaintiff's claims for wages owed by Defendant. Plaintiff alleges that she was entitled to overtime under the FLSA; Defendant asserts that Plaintiff was exempt from the FLSA's overtime requirements pursuant to the administrative exemption, 29 U.S.C. § 213(a)(1). Defendant further contends that, pursuant to 29 U.S.C. § 259 and 29 U.S.C. § 260, Plaintiff's claims are barred because Defendant relied upon rulings of the U.S. Department of Labor ("DOL") in classifying Plaintiff as an exempt administrative employee.

2

Error! Unknown document property name.
Case 3:19-cv-00710-FDW-DSC    Document 17    Filed 12/23/20    Page 2 of 5

7. The Parties further agree that Plaintiff's payroll and time records establish that she only worked approximately 20 hours of overtime in the three (3) years preceding the filing of her Complaint and that her maximum damages, if any, are less than her compensation under this settlement.

8. The Parties believe that the payment of attorneys' fees and costs in the amount of $6,500 is fair and reasonable. Plaintiff's counsel was successful in obtaining full relief for plaintiff in this matter. Plaintiff's counsel expended $400 in costs. Plaintiff's counsel expended $21,390.50 in attorney's fees to bring this case to resolution, which represents approximately 30% of the Lodestar.

9. The Parties each believe that the terms of the settlement embodied in Exhibit A are fair, reasonable, and appropriate under the circumstances.

10. The settlement was the product of arm's length negotiations among experienced counsel and there is no evidence of fraud or collusion.

11. The Settlement Agreement resolves all claims asserted, and all claims (known or unknown) that could have been asserted, in this action by Plaintiff against Defendant. It was crafted at arm's length by experienced counsel on both sides following contested litigation.

12. The Parties believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of the Parties' *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The Parties have mitigated the risk and

3

Error! Unknown document property name.
Case 3:19-cv-00710-FDW-DSC    Document 17    Filed 12/23/20    Page 3 of 5

costs on both sides that proceeding further presents. The settlement will conserve substantial time and expense by eliminating the need for trial.

13. The Parties have attached a proposed Order as Exhibit B.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreement in Exhibit A as a fair, reasonable, and adequate resolution of the case, and dismiss this matter with prejudice.

Respectfully submitted this 23rd day of December, 2020.

| | |
|---|---|
| *s/Craig L. Leis* | *s/Matthew R. Simpson* |
| Craig L. Leis | *Matthew R. Simpson |
| North Carolina Bar No. 50276 | Georgia Bar No. 540260 |
| Craig L. Leis | *JonVieve D. Hill |
| North Carolina Bar No. 48582 | Georgia Bar No. 907946 |
| GIBBONS LEIS, PLLC | *Admitted Pro Hac Vice |
| 14045 Ballantyne Corporate Place, Ste. 325 | FISHER PHILLIPS LLP |
| Charlotte, North Carolina 28277 | 1075 Peachtree Street NE, Suite 3500 |
| phil@gibbonsleis.com | Atlanta, Georgia 30309 |
| craig@gibbonsleis.com | Telephone: (404) 231-1400 |
| | Facsimile: (404) 240-4249 |
| Counsel for Plaintiff Jeffredia Mitchell | msimpson@fisherphillips.com |
| | jhill@fisherphillips.com |
| | |
| | and |
| | |
| | Nicholas S. Hulse |
| | North Carolina Bar No. 54603 |
| | FISHER PHILLIPS LLP |
| | 227 West Trade Street, Suite 2020 |
| | Charlotte, North Carolina 28202 |
| | Telephone: (704) 334-4565 |
| | Facsimile: (704) 334-9774 |
| | nhulse@fisherphillips.com |
| | |
| | Counsel for Defendant Accelerated Claims, Inc. |

4

Error! Unknown document property name.
Case 3:19-cv-00710-FDW-DSC    Document 17    Filed 12/23/20    Page 4 of 5

# CERTIFICATE OF SERVICE

This is to certify that on December 23, 2020, the undersigned counsel filed the foregoing pleading using the Court's CM/ECF system that will send notification of this filing to all counsel of record.

/s/ __Craig L. Leis_____
Craig L. Leis, Bar No. 48582

*Attorney for Plaintiff*

Error! Unknown document property name.
Case 3:19-cv-00710-FDW-DSC    Document 17    Filed 12/23/20    Page 5 of 5