IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JEFFREDIA MITCHELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>ACCELERATED CLAIMS, INC.,<br><br>    Defendant. | Civ. No. 3:19-cv-00710-FDW-DSC |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Jeffredia Mitchell ("Mitchell" or "Plaintiff") and Defendant Accelerated Claims, Inc. ("Defendant or "Accelerated"), through their undersigned counsel, move the Court for an Order approving the settlement reached in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Plaintiff and Defendant have agreed to the settlement of this bona fide FLSA dispute after discovery and following arm's-length negotiations. Defendant denies the claims asserted in this action and denies all liability associated with any of the facts or claims alleged in the lawsuit. The Parties' Settlement Agreement is attached as Exhibit 1 to this Memorandum. The parties submit that the terms of the Settlement Agreement are fair, reasonable, and adequate, particularly in light of the existence of disputed issues of fact, disputed issues of law with respect to liability, uncertainty as to whether the Plaintiff would obtain a judgment in her favor, and the risk of possible appeals.

## I. PROCEDURAL BACKGROUND[1]

Mitchell filed this action on December 27, 2019 (Dkt. No. 1), alleging that Defendant failed to pay her the overtime premium for all hours worked over 40 in a workweek in violation of the federal FLSA (Dkt. No. 1 at ¶¶10-11). Specifically, Plaintiff alleges that she was misclassified as an exempt employee under the FLSA, entitled to an overtime premium, and that Defendant's failure to pay her an overtime premium for all hours worked in excess of forty in a workweek during the FLSA's statutory period violates the FLSA and entitles her to damages. (Dkt. No. 1 at ¶¶10-15.) The Parties agree that if Plaintiff was successful, Plaintiff was underpaid approximately $209.52 during the FLSA three-year statutory period.[2] (*See* Ex. 2, Declaration of Craig L. Leis ("Leis Decl.") at ¶12.) Defendant denies the claims asserted by Mitchell and denies all liability associated with any of the facts or claims alleged in the lawsuit. (Dkt. No. 11.)

While continuing to deny any liability, as part of a compromise settlement, Defendant has agreed to pay Plaintiff the sum of $1000.00 in back wages and liquidated damages and $6,500.00 in attorneys' fees and costs in return for a release of Plaintiff's claims. (Ex. 1 at ¶3.) The settlement amount, and other the terms and conditions of the agreement, were the product of an adversarial litigation process in which all parties were represented by experienced counsel with significant experience in FLSA cases. The terms and conditions of the agreement were carefully negotiated and reflect a fair and reasonable alternative to continued litigation. The settlement, and Plaintiff's release, should be approved.

---

[1] Consistent with the Settlement Agreement, Defendant joins in this motion. Plaintiff acknowledges, however, that Defendant denies any and all claims of wrongdoing, and does not assent to the characterization of all the facts herein.

[2] At the outset of the litigation, Plaintiff believed her overtime damages to be significantly greater, but the bulk of the "overtime" hours she worked for Defendant fell outside of the three-year limitations period, which came to light during discovery. (Leis Decl. ¶12.)

2

## II. STANDARD OF REVIEW

Although the Parties have reached a settlement, the fact that Plaintiff has asserted claims under the FLSA means Court approval is required. "Under the FLSA, 'there is judicial prohibition against the unsupervised waiver or settlement of claims.'" *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592, 2012 WL 13012965, at *1 (W.D.N.C. Aug. 14, 2012) (quoting *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). Nevertheless, "FLSA cases can be settled when the settlement is supervised by a court." *Id.* (citation omitted).

Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g.*, *Kianpour v. Restaurant Zone, Inc.*, No. Civ. A. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). In the "context of suits brought directly by employees against their employer … to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. Before approving a settlement, a district court must conclude that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Importantly, there is a "strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (internal quotation omitted). A settlement is not a trial, and a court's role is more of a balancing of the likelihoods than actual determinations of fact and law. *Id.* "A court is entitled to rely on the

3

judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." *Id.* "Courts have recognized a role for less-than-full-value compromise in the FLSA settlement process." *Galvez v. Americlean Services Corp.*, No. 1:11cv1351, 2012 WL 2522814, at *4 (E.D. Va. June 29, 2012) (citing *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving settlement of FLSA claims at thirteen to seventeen percent of maximum recovery)).

### III. ARGUMENT

#### A. The Proposed Settlement Is the Product of Contested Litigation.

The settlement reached by the Parties was achieved as the result of contested litigation to resolve bona fide dispute concerning Plaintiff's entitlement to alleged unpaid overtime under the FLSA. The Parties differed over whether Plaintiff was exempt from the FLSA's overtime obligations and should have been paid the overtime premium for all hours worked in excess of 40 in a workweek. The settlement was negotiated as a compromise based upon the facts as revealed through discovery and the law relevant to the case. Defendant denies liability or wrongdoing of any kind associated with Plaintiff's claims, and Plaintiff believes she has meritorious claims. The Parties have determined, however, that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In the end, it was determined that many of the disputed overtime hours fell outside the statutory period. Plaintiff's recovery under the settlement is a full recovery of her alleged unpaid overtime and liquidated damages that exceeds the amount of recovery Plaintiff could obtain if successful at trail.

In light of these realities, the Parties believe that the Settlement Agreement is a reasonable alternative to continued litigation. Where the settlement reflects a reasonable compromise over

4

issues of computation of back wages in actual dispute, the court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *See Lynn's Food Stores*, 679 F.2d at 1354.

### B. The Settlement Is Fair, Adequate, and Reasonable.

In reviewing the record and evaluating the strength of the case to determine whether a proposed FLSA settlement is fair, adequate, and reasonable, courts consider the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *Blaney*, 2012 WL 130121965, at *1; *see also Lomascolo*, 2009 WL 3094955, at *11 (collecting and listing cases applying these factors).

The Parties' settlement is fair and reasonable and meets all applicable factors considered by courts. Here, the settlement was achieved as a result of discovery which included review of Plaintiff's payroll records, timesheets and other documentation that informed Counsel's decisions about the likelihood of obtaining the full recovery of Plaintiff's estimated damages. (Leis Decl. at ¶13.) The Parties exchanged discovery and were able to perform the necessary calculations to determine potential range of recovery in this case. *Lomascolo*, 2009 WL 3094955, at *11 (discovery must be sufficient to "fairly evaluate the liability and financial aspects of [the] case") (internal quotation omitted). The parties agree that Plaintiff's recovery under the settlement is more than full recovery, her damages and liquidated damages, on the disputed hours that fell withing the statutory period. (Leis Decl. ¶13.)

The settlement is not the product of fraud or collusion. The settlement was reached in an adversarial proceeding through arm's length negotiations between capable attorneys who have extensive experience with wage and hour claims. "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *See Lomascolo*, 2009 WL 3094955, at *12 (citation omitted).

Counsel for the Parties are experienced in complex wage and hour litigation, including class and collective action litigation. (Leis Decl. at ¶¶2-11.) Additionally, counsel for the Parties were thoroughly familiar with the facts and legal issues when settlement was reached. In the end, experienced counsel on both sides of the matter deemed the settlement fair and reasonable. The fact that settlement was negotiated by able counsel in an arm's-length manner lends credence to the notion that the settlement reached is in the best interest of all Parties. *See Howell v. Dolgencorp, Inc.*, No. 2:09-CV-41, 2011 WL 121912, at **2-3 (N.D. W. Va. Jan. 13, 2011).

Moreover, Mitchell supports the settlement, as evidenced by her signing off and agreeing upon the settlement and release of her wage and hour claims. (*See* Ex. 1); *Blaney*, 2012 WL 13012965, at *1 (FLSA settlement approved where "Plaintiffs in this case have not only withheld objection to the settlement, they have each signed off and agreed upon the settlement").

Finally, the amount of the settlement is reasonable in relation to the potential recovery. The Settlement Agreement provides that $1,000.00 will be allocated to Plaintiff to compensate her for damages she allegedly incurred under the FLSA. The Parties calculate her alleged unpaid overtime at approximately $209.52 (23.05 hours x $9.09 halftime rate), based on a 3-year statutory period under the FLSA.[3] (Leis Decl. at ¶12.) Liquidated damages bring Plaintiff's total alleged damages to $419.04. The settlement payment to plaintiff of $1000 is more than full recovery and

---

[3] *See* Footnote 2, *supra*.

is reasonable in light of the risk of recovering less at trial, especially considering Defendant has viable defense that Plaintiff was exempt from the payment overtime during the course of her employment. *See, e.g. Barbecho v. M.A. Angeliades, Inc.*, 2017 WL 1378267, at *3 (S.D.N.Y. Apr. 12, 2017) (finding settlement that represents "less than one-half of each plaintiff's total claimed damages" to be fair and reasonable); *Rankin v Rots*, 2006 WL 1876538, at *4 (E.D. Mich. June 27, 2006) (finding settlement amount representing 18-46% of each plaintiff's total claimed damages reasonable as it was conceivable that plaintiffs could recover less at trial).

Furthermore, Plaintiff's unpaid overtime calculations assume that Defendant's violation was "willful" under the FLSA, entitling her to a three-year statute of limitations rather than a two-year statute of limitations. (Leis Decl. at ¶12.) Meeting the burden of proof to show that Defendant's alleged conduct in failing to pay the requisite overtime premium in violation of the FLSA was "willful," and consequentially entitling Plaintiff to the three-year statute of limitations, would require a showing at trial that Defendant knew or showed reckless disregard as to whether Plaintiff was entitled to overtime pay. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (holding that plaintiffs alleging violations of the FLSA must meet the burden of proving that defendant-employers' violations of the FLSA were knowing or showed reckless disregard for the FLSA's applicable mandates to obtain the benefit of a three-year statute of limitations)[4]. This standard is a difficult to meet, and there is a substantial risk that Plaintiff would unable to meet her burden of proof on this issue at trial, reducing his damages by a full year. *See id.*

---

[4] Under the FLSA, a three-year statute of limitations is the exception. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) ("A two-year period is the norm, a three-year period the exception . . ."

### C. **Plaintiff's Counsel's Requested Attorneys' Fees and Costs Are Reasonable and Should Be Fully Awarded.**

In connection with this motion, Plaintiff respectfully moves this Court for an order approving as reasonable Plaintiff's Counsel's request for attorneys' fees and out-of-pocket litigation costs.

Plaintiffs who favorably settle their cases are entitled to reasonable attorneys' fees and costs under the FLSA. *See* 29 U.S.C. § 216(b) (the court "*shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action") (emphasis added). The purpose of the fee provision in § 216(b) is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Un. Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). Where, as here, settlement includes an agreement as to attorneys' fees and costs in connection with the settlement of an FLSA lawsuit, a court must also determine whether the attorneys' fees and costs are reasonable. *In re Dollar General Stores FLSA Litigation*, No. 5:09-MD-1500, 2011 WL 3841652, at *2 (E.D.N.C Aug. 23, 2011). What constitutes a reasonable fee is within the sound discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the reasonableness of the requested fee, the Court is guided by the twelve *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (CA5 1974):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the

8

nature and length of the professional relationship between attorney and client; and (12) attorneys' fees in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (superseded by statute with respect to the Truth in Lending Act)

Where an attorney's fees request yields a lodestar multiplier "far below those generally accepted," there is a strong inference that the requested fee is reasonable. *See Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 507 (M.D.N.C. 2018) (finding reasonable and approving Plaintiff's Counsels' requested $250,000.00 in attorneys' fees where the requested fee represented a lodestar multiplier of approximately .58).

Here, Mitchell and Plaintiff's Counsel are parties to a contingency agreement that provides for attorneys' fees equal to the greater of 40% of the total recovery or an amount negotiated or awarded based on Plaintiff's Counsel's reasonable lodestar, plus reimbursement for advanced costs. The Settlement Agreement provides that Plaintiff's Counsel will receive $6,500.00 total for reasonable attorneys' fees and incurred out-of-pocket costs (which exceed $400.00). (Ex. 1 at ¶3.) The requested attorneys' fees and costs are reasonable for several reasons.

First, the fees are fair and reasonable in light of the significant results Plaintiff's Counsel achieved for the Plaintiff, which exceeds what she would likely recover at trial. Second, Plaintiff's Counsel has significant FLSA experience, particularly in unpaid overtime cases such as this. (Leis Decl. at ¶¶2-11). Awarding Plaintiff's Counsel the requested attorneys' fee amount is appropriate in light of Plaintiff's Counsel's skill and diligent effort in reaching a favorable settlement for the Plaintiff.

Lastly, Plaintiff's Counsel have invested considerably more time and expense to investigate and prosecute this case than they are being compensated, and their request for

9

attorneys' fees is reasonable in light of their contingency agreement and lodestar. Plaintiff's Counsel's requested fees are a compromise sum representing approximately 30% of what Plaintiff's Counsel have expended in association with prosecution of the lawsuit. (Leis Decl. at ¶14.) Plaintiff's Counsel took this case on a contingency basis. (*Id.*) Because of this fee arrangement, Plaintiff's Counsel has not received any payment for their time spent litigating the case, nor have they received reimbursement for their out-of-pocket costs during the litigation. (*Id.*) Plaintiff's Counsel alone undertook the financial risk of potentially unsuccessful litigation. (*Id.*) Plaintiff's Counsel litigated this case aggressively and effectively, which resulted in full monetary relief for Plaintiff. This all weighs in favor of the reasonableness of the requested attorneys' fees.

As of December 16, 2020, Plaintiff's Counsel incurred $21,390.50 in attorneys' fees, which is summarized as follows:

| GIBBONS LEIS, PLLC | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Philip J. Gibbons, Jr. | $ 500.00 | 1.6 | $ 800.00 |
| Craig L. Leis | $ 450.00 | 20.2 | $ 9,090.00 |
| Jason S. Chestnut | $ 295.00 | 38.9 | $ 11,475.50 |
| Total | | 60.8 | $ 21,390.50 |

(Leis Decl. Ex. A - Gibbons Leis Billing Records.)[5] In preparing Plaintiff's Counsel's declaration, counsel decreased or removed billings that might be considered duplicative or excessive. (Leis Decl. at ¶15).

---

[5] Total hours billed and total attorneys' fees expended through December 16, 2020 includes 0.1 hours for attorney Corey Stanton who made an appearance in the matter. All time billed to this matter after December 16, 2020 has been disregarded for purposes of this Motion.

10

As shown above, the attorneys' fees sought by Plaintiff's Counsel are approximately 30% of the lodestar ($6,500 ÷ $21,390.50 = 30.39%). Furthermore, using the $6,500.00 attorneys' fee amount sought by Plaintiff's Counsel, the lodestar represents a blended hourly rate of $106.90/hour ($6,500.00 ÷ 60.8 hours billed). This Court has previously approved hourly rates for Plaintiffs' Counsel, Philip J. Gibbons, Jr. at $500/hr.; Craig L. Leis at $450/hr. and Jason S. Chestnut at $295/hr. *See Earls v. Forga Contracting, Inc.*, 1:19-cv-00190 (W.D.N.C.) (Dkt. 15); *Blazick v. Leadvision*, LLC, 3:17-cv-000113 (W.D.N.C.) (Dkt. 31); *Autry v. Charlotte Palm Corp.*, 3:16-cv-00797 (W.D.N.C.) (Dkt. 32); *Chenkus v. Prairie Pizza, Inc*, 3:17-cv-00723 (W.D.N.C.) (Dkt. 36); *Jones v. Chicago Bridge & Iron Company (Delaware)*, 3:17-cv-00424 (W.D.N.C.). Here, the blended hourly rate requested is well below the approved market rates in the Western District of North Carolina for similar legal work. (Leis Decl. at ¶16.) The requested $106.90 blended hourly rate falls well below what courts have observed as a reasonable hourly rate in the relevant community, which also weighs in favor of finding the requested attorneys' fees reasonable. *See, e.g.*, *Kirkpatrick*, 352 F. Supp. 3d 499 at 507 (observing that Plaintiff's Counsels' requested fee amounted to a blended hourly rate of approximately $300 per hour, which fell within the prevailing market rates in the relevant community in a FLSA unpaid overtime case).

In addition to the attorneys' fees, Plaintiff's Counsel also seeks reimbursement of out-of-pocket costs incurred in litigation expenses, which Counsel advanced with the risk of no recovery. (Leis Decl. at ¶17.) For purposes of this settlement, those costs are limited to the $400 federal court filing fee. (*Id.*) Plaintiff's Counsel incurred this cost on behalf of Plaintiff, and pursuant to the legal services agreement. The Court should honor Plaintiff's Counsel's private agreements with its client and approve the reimbursement of Plaintiff's Counsel's out-of-pocket litigation costs through this settlement.

Defendant does not oppose either the approval of the settlement, attorneys' fees request, or out-of-pocket costs request. For all the reasons stated herein, this Court should approve the requested attorneys' fees and costs as reasonable.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion, approve the proposed FLSA settlement, approve the parties' Settlement Agreement, dismiss this action with prejudice in its entirety in accordance with the terms of the Settlement Agreement, and issue an Order in the form of the Proposed Order Approving Settlement Agreement.

Respectfully submitted this 23rd day of December, 2020.

| | |
|---|---|
| *s/Craig L. Leis* | *s/Matthew R. Simpson* |
| Philip L. Gibbons | *Matthew R. Simpson |
| North Carolina Bar No. 50276 | Georgia Bar No. 540260 |
| Craig L. Leis | *JonVieve D. Hill |
| North Carolina Bar No. 48582 | Georgia Bar No. 907946 |
| GIBBONS LEIS, PLLC | *Admitted Pro Hac Vice |
| 14045 Ballantyne Corporate Place, Ste. 325 | FISHER PHILLIPS LLP |
| Charlotte, North Carolina 28277 | 1075 Peachtree Street NE, Suite 3500 |
| phil@gibbonsleis.com | Atlanta, Georgia 30309 |
| craig@gibbonsleis.com | Telephone: (404) 231-1400 |
| | Facsimile: (404) 240-4249 |
| Counsel for Plaintiff Jeffredia Mitchell | msimpson@fisherphillips.com |
| | jhill@fisherphillips.com |

and

Nicholas S. Hulse
North Carolina Bar No. 54603
FISHER PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774

nhulse@fisherphillips.com

Counsel for Defendant Accelerated Claims, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on December 23, 2020, the undersigned counsel filed the foregoing pleading using the Court's CM/ECF system that will send notification of this filing to all counsel of record.

/s/ Craig L. Leis
Craig L. Leis, Bar No. 48582

*Attorney for Plaintiff*