# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00710-FDW-DSC

| | |
|---|---|
| JEFFREDIA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>ACCELERATED CLAIMS, INC.,<br><br>Defendant. | **ORDER** |

THIS MATTER is before the Court on the Parties' Joint Motion for Approval of FLSA Settlement. (Doc. No. 17). Neither party has requested a hearing, and the Court finds the issue to be sufficiently briefed. Accordingly, for the reasons stated herein and in the Joint Motion, the motion is GRANTED and the settlement is APPROVED.

## I. BACKGROUND

Plaintiff filed this lawsuit against Defendant Accelerated Claims, Inc. ("Defendant") on December 27, 2019 for alleged violations of the Fair Labor Standards Act. (Doc. No. 1, p. 1). Plaintiff alleged she started working for Defendant in April 2015 as a Patient Counselor. Id. at p. 3. She was allegedly promoted twice over the next two years and was serving as a Proactive Account Resolution Specialist at the time of the alleged FLSA violations. Id. Plaintiff alleged Defendant "permitted" her "to work more than forty (40) hours per week without overtime pay." Id. Specifically, Plaintiff alleged she was not paid "an overtime premium for any hours worked in excess of 40" during the weeks beginning on April 22, April 29, and July 8, 2019. Id. at p. 4. Plaintiff alleged Defendant knew of the alleged FLSA violations, and that it "lacked any good-faith basis to believe" Plaintiff fit within an overtime exemption. Id. at p. 5. Plaintiff accordingly

filed the instant lawsuit and after roughly one year of discovery and litigation, Plaintiff and Defendant jointly filed the instant motion for settlement approval. (Doc. No. 17).

## II. JOINT SETTLEMENT APPROVAL

When an action is brought against an employer under the FLSA and settled, the settlement "must be presented to the district court for review and determination that the settlement is fair and reasonable." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir 1982). A court may only approve an FLSA settlement if the settlement is a "fair and reasonable compromise of disputed claims and issues arising from a *bona fide* dispute raised pursuant to the FLSA." Kirkpatrick, 352 F. Supp. 3d. at 502 (emphasis in original) (citation omitted).

### a. Bona Fide Dispute

The Court must first determine whether a bona fide dispute exists. "A bona fide dispute is one in which there is some doubt whether the plaintiff would succeed on the merits at trial." Id. (quoting Hall v. Higher One Machs., Inc., 2016 WL 5416582 at *6 (E.D.N.C. Sept. 26, 2016)). To make this determination, a court will look to the pleadings and proposed settlement agreement. Id. (citation omitted). The FLSA claims at issue here clearly constitute a bona fide dispute. As stated in the Joint Motion, Defendant denies all allegations in the Complaint and contests whether "Plaintiff was exempt from the FLSA's overtime obligations." (Doc. No. 18, p. 4). Plaintiff believes she has a meritorious claim. Id. Thus, a bona fide dispute exists.

### b. Fair and Reasonable

Once it has been determined that a bona fide dispute exists, a court must next determine whether the proposed settlement is fair and reasonable. Kirkpatrick, 352 F. Supp. 3d at 502. The Fourth Circuit has not yet addressed the specific factors a court should consider when undertaking

a fair and reasonable analysis in the FLSA settlement context, but other courts within the circuit have looked to Federal Rule of Civil Procedure 23(e) for guidance. Id. The cited factors are:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

Id. at 502-03 (quoting Hargrove v. Ryla Teleservices, Inc., 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013)). In evaluating these factors, a court should keep in mind the "strong presumption in favor of finding a settlement fair." Id. (quoting Lomascolo v. Parsons Brinkerhoff, Inc., 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

Here, the settlement agreement provides that Defendants will pay Plaintiff $1,000 to compensate for back wages and liquidated damages, and $6,500 in attorney's fees. (Doc. No. 18-1, p. 1). In considering the relevant factors, the Court finds the settlement fair and reasonable. As to the first factor, the Parties have engaged in discovery and reviewed "Plaintiff's payroll records, timesheets, and other documentation" related to the settlement agreement. (Doc. No. 18, p. 5). Regarding the second factor, the Parties stipulate that continued litigation would be "protracted, expensive, uncertain, and contrary to their best interests." Id. at p. 4. As to the third factor, there is no evidence of fraud or collusion; indeed, the parties reached this settlement agreement after extensive negotiations between counsel and, absence evidence to the contrary, "[t]here is a presumption that no fraud or collusion occurred between counsel." Lomascolo, 2009 WL 3094955, at *12. As to the fourth, the Joint Motion stipulates that attorneys for both Parties are "experienced in complex wage and hour litigation, including class and collective action[s]." (Doc. No. 18, p. 6). As to the fifth factor, the Parties agree that Plaintiff was only underpaid by $209.52 during the three-year statutory period provided for by the FLSA. Id. at p. 2. The Parties also stipulate that

Plaintiff is only entitled to liquidated damages of $419.04, for a full recovery of roughly $628.56 if Plaintiff were to prevail at trial. Id. at p. 6. The settlement payment of $1,000 to Plaintiff is more than Plaintiff would likely recover at trial and is particularly reasonable considering Defendant's viable defense and the extensive costs of continued litigation. See id. at p. 6-7. The Parties further stipulate that if the matter were to proceed to trial, Plaintiff would have a difficult burden to meet in showing that Defendant willfully violated the FLSA, thus further limiting her potential recovery. Id. at p. 7. Given these considerations, the proposed settlement appears to be the product of a fair and reasonable negotiation conducted by experienced counsel who have properly and independently evaluated the merits of their respective claims and defenses. Accordingly, this Court finds the proposed settlement to be fair and reasonable.

### c. Attorney's Fees

"Under the FLSA, [a] court is authorized to award a reasonable attorney's fee to be paid by the defendant, and costs of the action, in addition to any judgment awarded to the plaintiff." Kirkpatrick, 352 F. Supp. 3d at 503 (internal quotation omitted) (quoting 29 U.S.C. § 216(b) (2018)). The Fourth Circuit recognizes two methods for calculating attorney's fees: (1) the percentage of fund method, and (2) the lodestar method. Kirkpatrick, 352 F. Supp. 3d at 504. The percentage of fund method requires a court to "'award attorneys' fees as a percentage of the common fund'"; "'the lodestar method requires a court to determine the hours reasonably expended by counsel that created, protected, or preserved the fund, and then multiply that figure by a reasonable hourly rate.'" Id. (quoting Philips v. Triad Guard., Inc., 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016)).

Regardless of the method chosen to calculate attorney's fees, the Fourth Circuit considers twelve factors in determining the reasonableness of the attorney's fees award:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Here, Plaintiff's counsel seeks attorney's fees based on the lodestar method, in an amount totaling $6,500 for hours worked and costs incurred. (Doc. No. 18, p. 9). In their Joint Motion, the Parties agree that Plaintiff's counsel expended 60.8 hours of work on this matter, for a total cost of $21,390.50. Id. at p. 10. The requested attorney fee award is only $6,500, which represents a lodestar multiplier of .30 and is far below the range of lodestar multipliers approved by courts in this circuit. Kirkpatrick, 352 F. Supp. 3d at 507 ("Courts have found that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee." (quotation and citation omitted)). Moreover, an award of $6,500 represents an average hourly rate of $106.90, which is far below average hourly rates previously approved in other FLSA cases. See, e.g., id. (approving a fee award representing an average hourly rate of $300). Thus, on its face, the requested fee amount is reasonable.

Nevertheless, the Court considers the relevant Barber factors and finds that they weigh in favor of approving the fee. First, Plaintiff's counsel spent roughly 60.8 hours litigating this case during a global pandemic, which breaks down to an hourly rate of roughly $106 for attorneys who routinely bill between $295 and $500 per hour. (Doc. No. 18, p. 10). Second, although the issues raised in the Complaint present relatively straightforward questions of overtime pay under the FLSA, Plaintiff's counsel are highly skilled in litigating such matters and are reputable in the

community. See (Doc. No. 18-1). Third, as discussed above, Plaintiff's counsel obtained a settlement agreement that is more favorable for her than what she would be awarded at trial. Fourth, Plaintiff entered into a 40% contingency agreement with her counsel, which is customary in the field, thereby risking obtaining nothing if Plaintiff did not receive a favorable result. And, as evidenced by the Settlement Agreement and Joint Motion, the settlement amount is more favorable to Plaintiff than what she would likely receive at trial. Finally, the requested fee represents a lodestar multiplier far below amounts approved in the past and Defendant does not object to the requested fee amount. (Doc. No. 18, p. 12). Accordingly, this Court finds the requested fee is reasonable.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the parties' Joint Motion for Approval of FLSA Settlement (Doc. No. 17) is GRANTED. The parties' Settlement Agreement is APPROVED as a fair and reasonable settlement of a bona fide dispute under the FLSA. (See Doc. No. 18-1). This action is DISMISSED with prejudice, with the Court retaining jurisdiction to enforce the terms of the agreement, if necessary.

IT IS SO ORDERED.

Signed: December 30, 2020

_____
Frank D. Whitney
United States District Judge